STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Petition to Revoke 1996 ZBA Action on   }
     Extension of Tuttle Street Right-of-Way  }     Docket No. 98-5-06 Vtec
     (Appeal of Steen)  }
}

Decision and Order on Motions for Summary Judgment and to Dismiss Appeal

Petitioner-Appellant Colleen Steen appealed from a decision of the Development Review Board (DRB) of the Town of Fairfax, upholding the Zoning Administrator's ruling that there are no grounds to revoke a 1996 approval of an extension of the Tuttle Street right-of-way onto and across lands of Interested Parties Lawrence W. Young, Sr. and Barbara A. Young (the Youngs). Petitioner-Appellant represents herself; Interested Parties Lawrence W. Young, Sr. and Barbara A. Young are represented by Vincent A. Paradis, Esq.; and the Town is represented by Amanda S.E. Lafferty, Esq.

The Youngs have moved to dismiss the appeal as being an untimely attempted appeal of the 1996 ZBA approval, or for summary judgment to dismiss the appeal as moot or for lack of the proper parties. The following facts are undisputed unless otherwise noted.

The Steen property and the First Baptist Church property are adjacent lots along the westerly side of Route 104 in the Town of Fairfax. The side property line between the First Baptist Church and the Steen property is at an angle in relation to Route 104, so that the Steen property is narrower at its front or easterly (Route 104) property line than at its rear property line, while the First Baptist Church property is wider at its front property line than at its rear property line. See diagram attached[1] to this decision.

The Steen house is the former parsonage for the Baptist Church, and was purchased from the Church in 1977. A fifty-foot-wide easement or right-of-way was granted

_____

[1] As of the date of this decision, the diagram is only attached to the printed copies and not the electronic copy of this decision.

in 1982 by the Trustees of the First Baptist Church to Interested Party Lawrence W. Young (Sr.), to provide access for ingress and egress to and from Route 104 to lands lying behind (westerly of) the Church and Steen parcels. The traveled driveway or roadway located on that easement or right-of-way is known as Tuttle Road or Tuttle Street; for the purposes of this decision we will refer to it as "the Tuttle easement." As created in 1982, the Tuttle easement extended westerly from the westerly side of Route 104 across the Church property to the westerly boundary of the Church property, that is, to the easterly boundary of property owned by the Youngs (the original Young property). The Tuttle easement is located entirely on property owned by the First Baptist Church; it runs between the north side of the First Baptist Church building and the southerly boundary of the Steen property.

By scale from the plan[2] provided by both parties in the present case, the Church building is located approximately from eighty feet (on the west end of the building) to ninety feet (on the east end of the building) to the Church-Steen property line. The Steen house is located approximately from ninety feet (on the west end of the house) to eighty feet (on the east end of the house) to the Church-Steen property line.

---

[2] The plan provided as Exhibit K is a reduced-size version of a plan submitted in full-size format in In re Appeal of Town of Fairfax, Docket No. 45-3-03 Vtec.

The Steen house is located approximately one hundred feet from the closer (northerly) edge of the Tuttle easement. The Church-Steen property line is located just over thirty-one feet from the northerly edge of the easement at its easterly end, and just over nine feet from the northerly edge of the easement at its westerly end. The northerly wall of the Church building is located approximately twenty[3] feet to the closer (southerly) edge of the Tuttle easement and approximately seventy feet to the farther (northerly) edge of the Tuttle easement.

As of 1982 when the easement was granted, the original Young property contained a house and a garage/shop[4] building. The 1982 easement deed referred in paragraph 5 to the parties' understanding that there would be commercial as well as residential use of the easement and that the uses may be assigned. In connection with the grant of the Tuttle easement, Mr. Young relinquished his rights to a former right-of-way that had run on the south side of the church.

Ten years later, in 1992, the Youngs acquired a separate 66-acre parcel of land (the

_____

[3] The Zoning Administrator's "not to scale" measurements dated October 6, 2004, provided with Petitioner-Appellant Steen's May 22, 2006 filing in this matter, reflect the erroneous assumption that the property line is perpendicular to Route 104, which it is not. Accordingly, the Court has used measurements scaled from the surveyed plan. See footnote 2, above.

[4] As a condition of an Act 250 permit #6F0518-EB issued to the Youngs by the Environmental Board on November 1, 2000, the Youngs were granted approval of the as-built conversion of the house to a duplex, the "contractor shop" with a small office, and to operate the excavation and contracting business for a limited duration, requiring them to cease business operations at the site by May 1, 2001.

1992 parcel) to the north of the original Young property. Four years after that, in 1996, Lawrence W. Young, Sr. and Barbara A. Young proposed to subdivide a 20-acre portion of the 1992 parcel for conveyance to Lawrence W. Young, Jr. and Cynthia Higgs-Young. In connection with that subdivision proposal, in August of 1996, Lawrence and Barbara Young entered into an agreement with the Trustees of the First Baptist Church that confirmed that paragraph 5 of the 1982 Tuttle easement deed included the right to allow purchasers of land from the 1992 parcel to use the Tuttle easement for access to lands in the 1992 parcel.

In preparation for that subdivision, in March of 1996, Lawrence Young (Sr.) applied to the ZBA under §510 of the Zoning Bylaws for an extension of the access from the westerly boundary of the First Baptist Church property, across the original Young property, to the 1992 parcel. This extension of the driveway or roadway required conditional use approval as the "construction of a new road or driveway serving more than one lot or use." 1980 Zoning Bylaw, §510(C).

The use of the private right-of-way for access to Route 104 also required Planning Commission approval under §405, for which a hearing was held on May 7, 1996. While the Planning Commission's approval of the access is not at issue in Petitioner-Appellant's Statement of Questions, Ms. Steen did attend the Planning Commission's hearing on May 7, 1996, and therefore would have been generally aware of the existence of the proposal to extend the access roadway onto and across the original Young property.

Petitioner-Appellant did not receive any personal notice of the hearings scheduled for the ZBA's consideration of the 1996 application. No party has directed the Court to any provision of the Zoning Bylaw or the state statute as it existed in 1996 that required any personal or actual notice to adjoining property owners.

After several hearings the ZBA granted conditional use approval of the access extension by vote at the May 29, 1996 meeting. The minutes of the meeting were prepared by the planning/zoning assistant and carry a handwritten date of June 13, 1996; it is not clear from the materials provided to the Court whether or when they were approved by the ZBA. The minutes of that meeting show that the participants noted that the 1992 parcel

4

could also be accessed by Goodall Street,[5] but that there were limitations on the use of Goodall Street. The minutes of the meeting describe the proposal as extending a driveway from the end of Tuttle Street across the original Young property to the 1992 parcel.

All that the ZBA actually voted on and approved was the "motion to approve the extension of Tuttle Street as a shared drive to the property line of" the 1992 parcel. Petitioner-Appellant Steen has focused her attention on the description in the minutes that "the ROW for the shared drive will be seventy-five (75) feet from the Baptist building and eighty (80) feet from Colleen Steen's house. The traveled portion of the street will remain in the same place." Petitioner-Appellant characterizes this statement in the minutes as the ZBA's having "granted" an access from Route 104 to the Young property in a different location from that granted by the Church in 1982, and seeks to challenge the ZBA's "grant" of an access necessarily located on her property rather than that of the Church.

---

[5] Issues regarding access over Goodall Street, involving some of the same parties as in the present appeal, were the subject of In re Appeal of Town of Fairfax, Docket No. 45-3-03 Vtec. We have used the 1980 Zoning Bylaw from the file in that case as neither party provided it in connection with the motions in the present appeal.

There is room on the Church property for the fifty-foot-wide right-of-way to have been moved only approximately nine feet to the north, which is not far enough for its centerline to be seventy-five feet from the Church building. In any event, such a relocation was not within the scope of the application before the ZBA in 1996. If such a relocation had been proposed, it would have required its own application for conditional use approval; in that proceeding the ZBA could have considered the effect of such a relocation on the setback limitations for development on the neighboring property. Petitioner-Appellant Steen is correct that there is not enough room for the right-of-way to have been relocated so that its centerline[6] would be at least seventy-five feet from the church building and at least seventy-five feet from her building, without putting it on her property.

In August of 1996, Barbara and Lawrence Young, Sr. sold the twenty-acre portion of the 1992 property to Cynthia Higgs-Young and Lawrence Young, Jr., who were granted subdivision approval by the Planning Commission in 2001 to subdivide that portion into four lots with access to Route 104 via a shared driveway to Goodall Street, rather than by a shared driveway connecting with the Tuttle easement. Three of those four lots have been sold; neither Cynthia Higgs-Young and Lawrence Young, Jr., nor the purchasers of those lots, are parties to the current petition or appeal.

The relief sought by Petitioner-Appellant Steen in the present proceeding is the

---

[6] Section 410 in the 1980 bylaws provided that no structure "shall be erected or placed less than twenty-five (25) feet from any property line, nor less than fifty (50) feet from the edge of any public or private right-of-way." Later bylaws changed this requirement to be measured from the centerline instead of from the edge, and to be seventy-five feet (from the centerline) rather than fifty feet (from the edge). This section is only triggered by the proposed erection or placement of a new structure, which was not proposed either in 1982 or in 1996.

revocation of the ZBA's 1996 action approving the extension of Tuttle Street as a shared driveway across the original Young property to the property line of the 1992 parcel. Her main concern as expressed in her various memoranda is the purported relocation of the Tuttle easement closer to or onto her property. Interested Parties Young have moved to dismiss or for summary judgment, arguing that the appeal lacks necessary parties (the owners of the four subdivided lots); that the 1996 approval in any event is moot due to the access approved in 2001 from Goodall Street; that any issues regarding whether the Tuttle easement is located on Petitioner-Appellant Steen's property would be within the jurisdiction of superior court rather than this court; and that any attempted challenge to the 1996 approval is barred by lapse of time.

First, the driveway across the original Young property approved by the ZBA in 1996 did not change anything about the location of the 1982 easement, and could not have done so. The acquisition of an easement is a property transaction that cannot be accomplished by order of a ZBA, nor can a ZBA require an unwilling property owner to accept the encumbrance of his or her property by an easement. Thus, it does not matter whether the ZBA's minutes accurately or inaccurately described the applicant's intentions, at the time, to relocate the 1982 easement[7], because no such relocation ever occurred.

All that was approved by the ZBA's action in 1996 was a private driveway across the original Young property to the 1992 parcel, connecting with the end of the existing 1982 Tuttle easement at the Church-Young boundary. The 1982 Tuttle easement and its 1996 continuation onto the original Young property were depicted on the 2003 surveyed plan of

---

[7] If Petitioner-Appellant's primary concern is for her future ability to place new structures on her property within fifty feet of the northerly edge (or seventy-five feet of the centerline) of the 1982 Tuttle easement, even though the easement remains in its original location on the Church property, that concern was not affected by the 1996 ZBA approval. Zoning setback restrictions were already applicable to her property at the time the easement was created. The required setback to the northerly edge of the easement limited development on her property from forty-one to nineteen feet of her southerly property line. However, the side setback requirements in effect in 1982 already precluded the placement of new structures within twenty-five feet of that property line. As shown on the attached diagram, very little additional building area was lost due to the 1982 easement, that was not already precluded by the side setback requirement.

the subdivision proposed by the Youngs in Docket No. 45-3-03 Vtec, to which Petitioner-Appellant was a party; the 1982 Tuttle easement is shown on that plan as located entirely on Church property. See attached diagram.

More importantly, the ZBA's 1996 approval of that private driveway across the original Young property has been superseded by the development of that original Young property as litigated in Docket No. 45-3-03 Vtec, which resulted in an order including a condition from the parties' stipulation that the access shown as Tuttle Street will not be used for any purposes for access to this subdivision. Further, the ZBA's 1996 approval of that private driveway across the original Young property for access to the twenty-acre parcel subdivided in 1996 has been superseded by the development of the twenty-acre parcel with access approved over Goodall Street in 2001. Any future proposal to use the Tuttle easement for access from Route 104 would be subject to whatever approval requirements were in the then-current zoning regulations, and would be subject to the conditions of the development approval litigated in Docket No. 45-3-03 Vtec; no such proposal is now before this Court. Accordingly, although the Youngs' motion to dismiss this petition and appeal for failure to join the owners of the lots resulting from that twenty-acre parcel is DENIED, their motion to deny the petition and dismiss this appeal as moot is GRANTED.

Moreover, the fact that Petitioner-Appellant failed to appeal the 1996 action of the ZBA in approving the private driveway across the original Young property bars her from contesting it now, either directly or indirectly. 24 V.S.A. §4472. Although parties may petition to contest such an approval out of time if they can demonstrate that they failed to receive required notice of the ZBA's action, Petitioner-Appellant has not shown that any specific notice to her was required, nor has she shown why she could not have sought to take a late appeal of the 1996 action earlier than the present 2004 petition, such as during the 2001 permit proceedings regarding the twenty-acre parcel or during the 2003 permit proceedings that resulted in the litigation and order in Docket No. 45-3-03 Vtec.

If there is any remaining issue as to the parties' respective property rights, that is, whether any part of the Tuttle easement runs on the Steen property rather than on the property of the First Baptist Church, such an issue would be within the jurisdiction of the

8

Franklin Superior Court and not this Court.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Lawrence Young, Sr. and Barbara Young's Motion for Summary Judgment and to Dismiss this appeal is GRANTED, concluding this appeal as MOOT.

Done at Berlin, Vermont, this 28th day of December, 2006.

_____

Merideth Wright
Environmental Judge